**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JONATHAN J. JOE,**

        Plaintiff,

**v.**                                       **CIVIL ACTION NO. 3:21CV98
(GROH)**

**EASTRIDGE HEALTH SYSTEMS,
CHRISTINE COLLINS, JILL LEEDOM,
CHELSEA CLINTON, and DEWHITE GILBERT,**

        Defendants.

## REPORT AND RECOMMENDATION[1]

### I.    INTRODUCTION

Pending before the Court is Plaintiff Jonathan J. Joe's, ("Plaintiff") pro se Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se complaint [ECF No. 1] sets forth any viable claims.[2] See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that this Court lacks jurisdiction and Plaintiff failed to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

---

[1] This matter was referred to the undersigned by Order on August 11, 2021. ECF No. 6.

[2] On June 29, 2021, the Court received Plaintiff's Motion for Leave to Proceed In Forma Pauperis with attachments. In an attachment, Plaintiff includes a Certificate of Service, where it appears Plaintiff may have already attempted to serve at least on the Defendants. ECF No. 4-2 at 2. However, because Plaintiff filed a motion to proceed *in forma pauperis*, the Court may screen Plaintiff's complaint and decide if Plaintiff has stated a claim before the case can proceed. The Court will now consider Plaintiff's complaint and submit this Report and Recommendation as to whether this action should proceed and if Defendants should be further notified of this action.

## II.    THE COMPLAINT[3]

On June 25, 2021, Plaintiff filed the instant pro se complaint alleging that Defendants Eastridge Health Systems, Christine Collins, Jill Leedom, Chelsea Clinton, and Dewhite Gilbert (collectively, "Defendants") committed fraud. ECF No. 1 at 1, 2. Plaintiff asserts that Defendant Collins used a false identify and "has been tied into social security fraud and child support fraud regarding [his] ex-wife in Honolulu, HI." Id. at 2. Additionally, Plaintiff states that the case involves an individual's false claim of being a licensed therapist. Id. Plaintiff seeks $2,000,000.00 in damages. Id. at 3.

## III.    LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed in forma pauperis. Id. The Supreme Court of the United States has explained that the purpose of the "federal in forma pauperis statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed in forma pauperis, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. §

---

[3] It is difficult for the undesigned to recite the facts alleged in the complaint because the complaint is devoid of factual allegations and is otherwise incomprehensible.

1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility

standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### IV.   DISCUSSION

#### A.   Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000. Id. Here, Plaintiff does not claim that this Court has diversity jurisdiction under § 1332. ECF No. 1 at 1. Based on the limited information in the complaint, Plaintiff is a citizen of

West Virginia. Id. It appears that at least one of the Defendants is a West Virginia resident or located in West Virginia. Id. Therefore, diversity jurisdiction does not exist under § 1332.

Federal-question jurisdiction requires that the action "aris[e] under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. In the complaint, Plaintiff argues that federal-question jurisdiction exists. ECF No. 1 at 1. Specifically, he lists "U.S.C. § 408(a)(1)-(8) Social [S]ecurity [F]raud" and "18 U.S.C. Code 1028." Id. The first statute cited is incomplete, but it appears to be a criminal statute (possibly 42 U.S.C. § 408). The second statute cited is a criminal statute related to fraudulent activity. Plaintiff appears to have filed his complaint as a civil matter, seeking to recover monetary damages, but utilized criminal statutes in support of his claims. "Criminal statutes cannot be the basis of jurisdiction in a civil case." MotJuste Tirade of Vim Andre Juste v. Brennan, 16 F.Supp.3d 716, 725, (N.D. W. Va. April 21, 2014) (citing Whittington v. U.S. Bank Nat. Ass'n, No. 4:12-CV-03167-MGL, 2013 WL 2285943, at *11 (D.S.C. May 23, 2013)). "[A] plaintiff filing a civil case cannot bring a criminal case against another person." Id. (citing Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990)). Therefore, the statutes cited in the complaint do not give rise to a cause of action. This Court lacks jurisdiction, and Plaintiff's complaint should be dismissed.[4]

---

[4] Because Plaintiff cites an incomplete statute, the Court briefly considers whether the complaint states a claim upon which relief could be granted. In the event jurisdiction does exist, Plaintiff still fails to state a claim upon which relief could be granted. It is generally difficult to understand what Plaintiff is alleging, against whom, and why. Plaintiff lists five Defendants in the caption of the complaint, but only refers to Defendant Collins in the complaint and Defendant Eastridge Health Systems in the attachments. There are only two or three sentences as to factual allegations in the complaint. Further, these are vague, conclusory statements without facts or supporting details. Twombly, 550 U.S. at 555. The attachments to the complaint, which the Court considers as support for the allegations, are two copies of two letters regarding Plaintiff's treatment at Defendant Eastridge Health Systems with Defendant Collins. Next to Defendant Collins's name in one of the letters, Defendant draws an arrow to the name and writes, "Fraud." Again, this is a conclusory statement with no facts to support the allegation or explain the alleged fraud.

## V.   <u>RECOMMENDATION</u>

For the foregoing reasons, I find that this Court lacks jurisdiction over Plaintiff's complaint, and Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff Jonathan J. Joe shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Wright v. Collins</u>, 766 F.2d 841, 845–48 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record.

---

Plaintiff's assertions are incomprehensible. Even liberally construed, the Court and would-be Defendants would be left to guess the basis for Plaintiff's claim. Therefore, Plaintiff's complaint and attachments fail to state a claim upon which relief could be granted.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 12th day of August, 2021.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE